**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FORREST JOHNSON, and | ) |
| RACHEL JOHNSON individually | ) |
| and as next friend of Forrest Johnson | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| JACOB COLLECTION GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.　　Plaintiffs Forrest Johnson and Rachel Johnson, individually and as next friend of Forrest Johnson, bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Jacob Collection Group, LLC. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.　　The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3.　　This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331 and 1337.

4.　　Venue and personal jurisdiction in this District are proper because:

　　　　a.　　Defendant's collection communications were received by plaintiffs within this District;

　　　　b.　　Defendant transacts business within this District.

1

## PARTIES

5.     Plaintiff Forrest Johnson is an individual who resides in the Northern District of Illinois.

6.     Plaintiff Rachel Johnson is an individual who resides in the Northern District of Illinois.

7.     Plaintiff Forrest Johnson is 92 years old.  Rachel Johnson is responsible for conducting Forrest Johnson's personal affairs pursuant to a Power of Attorney.    Any communications received by Forrest Johnson were also received and reviewed by Rachel Johnson as the person responsible for handling Forrest Johnson's personal affairs pursuant to a Power of Attorney.

8.     Defendant Jacob Collection Group, LLC is a law firm organized as a limited liability company chartered under Mississippi law with offices at 2623 West Oxford Loop, Oxford, MS 38655-5442.

9.     Defendant Jacob Collection Group, LLC regularly uses the mails and telephone system to collect alleged consumer debts originally owed (if at all) to others.

10.     Defendant states on its web site (http://www.jacoblawgroup.com/)   that "Jacob Law Group . . . specialize[s]  in national consumer debt collection and creditors' rights. Its clients include national debt collection agencies, national check collection agencies, and purchasers of debt portfolios. [P] The staff at Jacob Law Group . . . consist[s] of an experienced attorney and support personnel who have proven asset recovery experience. . . . Jacob Law Group . . . utilize[s] aggressive pre-litigation recovery methods that are correspondence and telephone intensive. . . . "

11.     Defendant Jacob Collection Group, LLC  is a debt collector as defined in the FDCPA.

## FACTS

12.     Defendant has been attempting to collect from plaintiff Forrest Johnson an alleged credit card debt incurred for personal, family or household purposes and not for business

2

purposes.

13.     On or about October 20, 2010, plaintiffs received the following message from defendant on a telephone number used by Forrest Johnson, which was also received and reviewed by Rachel Johnson as the person responsible for handling Forrest Johnson's personal affairs pursuant to a Power of Attorney:

> Forrest, this is Ms. Williams with the attorneys' office at Jacobs Law Group. Return my phone call today. My number here is 877 620-3818.

14.     On or about November 17, 2010, plaintiffs received the following message from defendant on a telephone number used by Forrest Johnson, which was also received and reviewed by Rachel Johnson as the person responsible for handling Forrest Johnson's personal affairs pursuant to a Power of Attorney:

> This message is for Forrest Johnson, this is Cindy Briemer. I am calling you from the attorneys' office of Jacobs Law Group. I need you to call me when you get this message. My number is 877 620-3818.

15.     The number 877-620-3818 is assigned to defendant.

16.     The calls did not state that the calls were for debt collection purposes.

17.     On information and belief, defendant has a standard policy and practice of leaving telephone messages that do not state that the call is for collection purposes.

## COUNT I – FDCPA

18.     Plaintiffs incorporate paragraphs 1-17.

19.     Defendant's telephone messages violated 15 U.S.C. §1692e(11).

20.     Each telephone message was a "communication" within the meaning of 15 U.S.C. §1692e. *Ramirez v. Apex Financial Mgmt., LLC*, 567 F.Supp.2d 1035 (N.D.Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.*, 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006); *Leyse v.*

3

*Corporation Collection Servs.*, 03 Civ. 8491, 2006 U.S.Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).

21.     The telephone messages violate 15 U.S.C. §1692e(11) because they do not contain the warning required by 15 U.S.C. §1692e(11).

22.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

(1)     Statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)     Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

4

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)